IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:10-cv-117 |
| ) | |
| vs. ) | Hon. Charles P. Kocoras |
| ) | |
| DIRECTV, INC., ) ) | |
| Defendant. ) | |

**DIRECTV'S MOTION TO STAY DISCOVERY
PENDING DETERMINATION OF DIRECTV'S MOTION TO DISMISS**

DIRECTV respectfully requests that this Court stay discovery in the above-captioned matter pending resolution of the dispositive motion that DIRECTV filed on February 16, 2010. Allowing Plaintiff's extensive discovery (focused on identifying putative class members) in advance of the Court's ruling on the dispositive motion is unnecessary, costly, time-consuming, and—importantly—at odds with the fundamental purpose of a dispositive motion, which is to give a defendant an early opportunity to explain to the Court why it should not be subject to further action in a litigation in which the claims made against it must, under the law, fail. In support of this motion, DIRECTV states the following.

**PROCEDURAL AND FACTUAL HISTORY**

On January 8, 2010, Plaintiff filed her putative class-action complaint. *See, generally,* Complaint (Dkt. No. 1). Plaintiff alleged that three days before the filing of her complaint, on January 5, 2010, she received a telephone call from DIRECTV on her cellular telephone to verify that she had ordered DIRECTV satellite services, and that the verification call was made through an automated system. *See id.* ¶¶ 7-13. She alleged that this verification call and DIRECTV's

authorization process, which occurred in response to a fraud alert she had placed with one or more credit bureaus (*id.* ¶ 16), violated the Telephone Consumer Protection Act ("TCPA"), the Truth in Lending Act ("TILA"), and the Illinois Consumer Fraud Act.  Moreover, she asserted putative classwide claims under the TCPA.  *Id.* ¶¶ 22-33.

Plaintiff agreed that DIRECTV's responsive pleading to this Complaint would be due on February 16, 2010 (*see* Agreed Mot. (Dkt. No. 10)), and the Court so ruled.  *See* 2/1/10 Order (Dkt. No. 13).

Because DIRECTV believes that Plaintiff's Complaint about being called with a fraud alert—at the very telephone number she provided at which to receive fraud alerts—lacks merit, DIRECTV agreed to meet with Plaintiff telephonically to discuss the Complaint during a February 2, 2010 Rule 26(f) conference.  *See* Crawford Decl., Ex. A (1/29/10 B. Wahlquist 10:36 a.m. e-mail to A. Burke).  At the Rule 26(f) meeting, DIRECTV provided assurances that it was retaining all documents relevant to the litigation and had sent internal and external preservation notices, and moreover agreed to provide initial disclosures on February 23, 2010 despite its intent to move to dismiss the Complaint.  *See* Crawford Decl., Ex. B (2/3/10 B. Wahlquist letter to A. Burke) at 2.

Nonetheless, less than two hours after the Rule 26(f) meeting, Plaintiff served DIRECTV with extensive discovery requests seeking potentially millions of documents.  *See* Crawford Decl., Ex. C (Plaintiff's 2/2/10 Discovery Requests).  The discovery requests reach back five (5) years, covering information and documents going back to January 1, 2005.  *See id.* at 1 ¶ 1.  The discovery includes 40 Requests for Admission (some with subparts), 11 Interrogatories (seeking detailed information, such as the identity and phone number of any person in the class' geographical area who may have received a call to a cellular phone for any reasons, *e.g.*

customer calls at the customer's provided contact number, collections calls, fraud alerts requested to be made to a specific telephone number) (*see id.* at 7, ¶ 4), and 29 Requests for Production seeking potentially millions of documents unrelated to Plaintiff's fraud alert call, and requiring extensive database searches through DIRECTV's systems.

Moreover, on February 5, 2010, Plaintiff filed with this Court a Motion seeking to compel DIRECTV to disclose the identity of every authorized telemarketer or third party vendor who could have contacted anyone on DIRECTV's behalf on a cellular telephone. *See* 2/6/10 Motion (Dkt. No. 14). Even though initial disclosures were not (by agreement) to be exchanged until February 23, 2010, in order to save the Court's resources in dealing with that improper motion, on February 8, 2010, DIRECTV provided Plaintiff with information on the third-party vendor that had made the fraud alert call to Plaintiff. *See* Crawford Decl., Ex. D (2/8/10 B. Wahlquist letter to A. Burke). Plaintiff did then withdraw that Motion to Compel (*see* 2/8/10 Minute Order noting Withdrawal) (Dkt. No. 16), but continues to insist that DIRECTV respond to his extensive discovery requests.

Because DIRECTV believes that it would be proper and expedient for this Court to first rule on its Motion to Dismiss before Plaintiff embarks on any discovery unrelated to that motion, DIRECTV now files this Motion to Stay.

## LEGAL ARGUMENT

This Court has broad discretion in managing and overseeing the discovery process and may limit the scope of discovery, control its sequence, or issue a discovery stay. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). When a motion to dismiss is pending, courts routinely grant motions to stay discovery for efficiency and to promote timely resolution of cases. S*ee, e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (granting stay and noting that when a motion to dismiss

3

is pending, "[s]tays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where, in cases such as this one, discovery may be especially burdensome and costly to the parties."); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion."). Thus, the Seventh Circuit has held that it is proper to enter an order staying discovery pending resolution of potentially dispositive claims. *See Landstrom v. Illinois Dep't of Children & Family Servs.,* 892 F.2d 670, 674 (7th Cir. 1990).[1]

      Here, Plaintiff knew from the Rule 26(f) conference that DIRECTV would move to dismiss and is now attempting to undertake an aggressive fishing expedition before DIRECTV has the opportunity to raise its issues with the complaint. However, it will not prejudice Plaintiff to wait to pursue discovery related to her January 5, 2010 telephone call until after resolution of the motion to dismiss. *See, e.g., Spencer Trask Software & Info Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially . . . delay the action, [nor prejudice the parties] should it continue.") (citation omitted).

---

[1] Courts in several other Circuits agree. *See Patterson v. United States Postal Serv*., 901 F.2d 927, 929 (11th Cir. 1990) (proper to enter order staying discovery pending resolution of motion to dismiss or motion for summary judgment concerning interplay of the ADEA and 5 U.S.C. § 3307); *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) (proper to enter order staying discovery pending resolution of Rule 12(b) motion); *Feist v. Jefferson County Comm'rs Court,* 778 F.2d 250, 252-53 (5th Cir. 1985) (proper to determine first whether plaintiff raised a claim upon which relief could be granted prior to authorizing discovery); *Florsheim Shoe Co. v. United States,* 744 F.2d 787, 797 (Fed.Cir. 1984) (proper to enter order staying discovery pending resolution of motion to dismiss).

On the other hand, it would significantly prejudice DIRECTV if it was required to respond to discovery requests in an action due to be dismissed. This Court should thus superintend the discovery process and require Plaintiff to wait to see whether her claims survive DIRECTV's dispositive motion. *See Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) ("Pretrial discovery is time-consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping tight reins on it.") (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)) (other citation omitted).[2]

## CONCLUSION

For these reasons, DIRECTV requests that this Court stay discovery until resolution of DIRECTV's pending motion to dismiss.

Dated:  February 16, 2010

Respectfully submitted,

/s/ Amy E. Crawford

Amy E. Crawford, ARDC No. 6282700
amy.crawford@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000

Becca Wahlquist (*admitted pro hac vice*)
bwahlquist@manatt.com
MANATT, PHELPS, & PHILLIPS LLP
11355 W. Olympic Blvd.
Los Angeles, CA  90064
Telephone:  (310) 312-4384

*Attorneys for DIRECTV, Inc.*

---

[2] Moreover, it would prejudice DIRECTV to require it now to respond to putative classwide discovery, when Plaintiff has not begun to demonstrate that class treatment is appropriate for her claim.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing DIRECTV'S MOTION TO STAY DISCOVERY PENDING DETERMINATION OF DIRECTV'S MOTION TO DISMISS was filed electronically on this 16th day of February 2010, and will, therefore, be served electronically upon:

>Alexander H. Burke
>Burke Law Offices, LLC
>155 N. Michigan Ave., Suite 9020
>Chicago, IL 60601
>Tel: (312) 729-5288
>ABurke@BurkeLawLLC.com
>*Counsel for Plaintiff*

/s/ Amy E. Crawford
Amy E. Crawford, ARDC No. 6282700
