UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE, on behalf of herself and others similarly situated, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | )      10 C 117 <br> ) |
| DIRECTV, INC., | ) <br> ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant DirecTV, Inc. to dismiss the complaint of Plaintiff Brianna Greene for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND[1]

In January 2010, DirecTV opened a television account on credit associated with Greene at the request of someone other than Greene. Prior to opening the account, DirecTV had been informed by one or more credit bureaus that Greene's credit file had a fraud alert on it. Three days after the account was opened in Greene's name, a third-

---

[1]The facts recited herein are derived from the allegations of Greene's complaint, which we must accept as true and construe in favor of Greene for purposes of this motion. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

party contractor of DirecTV named iQor used an autodialer and a prerecorded voice message to call her cell phone to find out whether she had authorized the opening of the account.  Greene avers that she never provided her cell phone number to DirecTV and surmises in her complaint that DirecTV obtained it from a skip trace company, her credit report, or some other sort of directory.  When Greene answered the call on her cell phone, a message instructed Greene to push "0" on her phone to speak to a representative if the account was not authorized.  Greene followed those instructions but was never connected with an actual person.

After being unable to connect to a representative, Greene hung up and called the number that her caller ID system had identified as that of the incoming caller.  In so doing, she eventually reached a DirecTV operator, who informed her about the account that had been opened in her name and told her that DirecTV had received a fraud alert from at least one credit bureau.  She was informed that she would have to fill out a form to close the account that had been opened and associated with her.

Three days later, Greene filed the instant suit, setting forth three causes of action. The first asserts that when DirecTV employed a service that used an automatic telephone dialing system, prerecorded or automated voice message, or both, it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). According to the second claim, DirecTV violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1642, by providing a satellite dish, television converter box, and remote

control to the person who opened the account, which would permit the other person to access pay-per-view content. In the third claim, Greene asserts a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c-1(h)(B)(i), which requires that DirecTV use reasonable policies and procedures in order to form a reasonable belief that a person requesting credit is the same as the person whose information is being provided in order to make the decision whether to provide credit. According to Greene, at least one credit bureau notified DirecTV that the address provided in the request to open a DirecTV account was not the same as the one contained in her credit report but that DirecTV opened the account anyway, despite the fraud alert on her account. She urges that such a practice is not a reasonable policy or practice. DirecTV now moves to dismiss the complaint against it in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim, a complaint must describe the claim in sufficient detail to give the defendant notice of what it is and the ground upon which it rests and plausibly suggest that the plaintiff has a right to relief. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

With these principles in mind, we turn to the instant motion.

## DISCUSSION

Though not in connection with any specific count of the complaint, DirecTV argues throughout its memorandum that Greene cannot pursue her claims in this case because no DirecTV account was ever opened for her. However, ¶¶ 15, 19, and 20 of Greene's complaint specifically allege that an account was established before DirecTV contacted her. Given the procedural posture of the current motion, we accept that allegation as true and therefore disregard any argument made by DirecTV premised on a contrary factual assertion.

## I.  TCPA Claims

The first three counts of Greene's complaint are premised upon an asserted violation of the TCPA, which states in pertinent part that

> [i]t shall be unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a...cellular telephone service....

47 U.S.C. § 227(b)(1)(A)(iii).

DirecTV contends that Greene cannot state a cognizable claim under this section because when Greene included her cell phone number in the fraud alert contained in her credit file, she expressly consented to receiving a call with a prerecorded message on her cell phone.   Given the allegations of the complaint, this contention is not meritorious.  Greene does not allege that DirecTV obtained her cell phone number from her credit report; instead she states that she does not know how they gained her contact information but may have done so from a skip trace service, some other kind of directory, or her credit report.  In addition, even assuming that DirecTV did obtain the number from Greene's fraud alert, neither party has supplied any direct documentation of that alert that would enable an assessment of the extent of the consent that was given. Consequently, the four corners of Greene's complaint assert that DirecTV used an automatic telephone dialing system or an artificial or prerecorded voice to call Greene's cell phone when she had not provided prior express consent to receiving such calls.  If Greene can prove this assertion, she will have shown a violation of 47 U.S.C. § 227(b)(1)(A)(iii), which is sufficient to defeat a 12(b)(6) motion to dismiss.

## II.  TILA Claim

Greene's next claim is premised upon 15 U.S.C. § 1642, which states that "[n]o credit card shall be issued except in response to a request or application therefor."  The parties' arguments revolve around whether DirecTV's equipment that permits an end

user to obtain television content on demand can be construed as a "credit card."

However, the claim Greene has set out in her complaint suffers from a more

fundamental flaw.  As stated in the statutory language quoted above, § 1642 addresses

situations where a credit card is issued in the absence of a request or application for the

card, i.e., an unsolicited card issued to a party who has not previously asked for it.  *See*

*Muro v. Target Corp.*, 580 F.3d 485, 488 (7th Cir. 2009).  In her TILA claim, Green

alleges that DirecTV took action in response to a request or application by a third party,

not that an account number or television equipment was issued to her by DirecTV's

unilateral action.  As a result, Greene's complaint does not state a cognizable claim

under 15 U.S.C. § 1642, and dismissal of Count IV is appropriate.

## III.  FCRA Claim

Lastly, DirecTV challenges the cognizability of Count V of Greene's complaint.

This count is premised upon the portion of the FCRA that provides that

> [n]o prospective user of a consumer report that includes an initial fraud alert or an active duty alert...may establish a new credit plan...unless the user utilizes reasonable policies and procedures to form a reasonable belief that the user knows the identity of the person making the request.

15 U.S.C. § 1681c-1(h)(1)(B)(i).  The statute goes on to state that

> [i]f a consumer requesting the alert has specified a telephone number to be used for identity verification purposes, before authorizing any new credit plan...[the] user of such consumer report shall contact the consumer using that telephone number or take reasonable steps to verify the consumer's identity and confirm that the application for a new credit plan is not the result of identity theft.

15 U.S.C. § 1681c-1(h)(1)(B)(i),(ii).  In her prayer for relief, Greene requests attorneys' fees and costs, which are available for both willful and negligent noncompliance with the FCRA under 15 U.S.C. §§ 1681n and 1681o.  She also requests statutory and punitive damages that are available only for willful noncompliance pursuant to § 1681n. DirecTV contends that Greene's complaint, fairly read, does not state a claim for willful noncompliance and therefore all of Count V should be dismissed.  There are two problems with this argument.  First, Count V is not solely based upon a violation of § 1681n, so even if willfulness were completely missing from Greene's complaint, Count V is not deficiently pled in its entirety, making complete dismissal inappropriate. Moreover, fairly read, Greene's complaint describes a process that could be construed as having been done in a willful manner.  Accordingly, the entirety of Count V survives the motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, DirecTV's motion to dismiss the portions of the complaint premised on the TCPA (Counts I-III) and the FCRA (Count V) is denied.  To the extent the motion seeks dismissal of the TILA claim (Count IV), it is granted.

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:      April 14, 2010