**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIANNA GREENE, on behalf of herself and others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>DIRECTV, INC. and IQOR, INC., )<br><br>Defendants. ) | Case No. 1:10-cv-117<br><br>Hon. Charles P. Kocoras<br><br>JURY DEMANDED |

## DIRECTV'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant DIRECTV, Inc. ("DIRECTV") hereby answers Plaintiff Brianna Greene's Amended Complaint ("AC"). To the extent that any heading within Plaintiff's AC constitutes an allegation, that allegation is denied.

1.      Paragraph 1 contains legal conclusions to which no response is required. To the extent any statements in this paragraph are considered factual allegations, DIRECTV denies any factual allegations contained in Paragraph 1.

2.      DIRECTV denies the allegations in the first sentence of Paragraph 2. DIRECTV does not have sufficient information to admit or deny the factual allegations made in the second sentence, and thus denies those allegations.

3.      DIRECTV denies the allegations in the first sentence of Paragraph 3, which misstate the facts. As for the second sentence of Paragraph 3, DIRECTV admits that a third-party vendor, iQor, Inc. (and/or its subsidiaries) handles outbound and inbound calls related to fraud alerts. However, DIRECTV denies that any such fraud alert calls are illegal.

4.      Paragraph 4 contains allegations about this Court's jurisdiction. While DIRECTV does not believe that Plaintiff's claims have merit and does not believe that a class of all

DIRECTV non-subscribers allegedly contacted on their cellular telephones by DIRECTV can be or should be certified, DIRECTV does not contest that the claims as alleged by Plaintiff support diversity jurisdiction under the Class Action Fairness Act ("CAFA").

5.      Paragraph 5 contains allegations about venue.  DIRECTV does not have any information about where Plaintiff was actually located when she allegedly received the fraud alert call she clams was made to her cellular telephone, and Plaintiff does not allege that she was physically within this District at the time of the call.  Thus, to the extent DIRECTV is required at this time to respond to venue allegations, DIRECTV lacks sufficient information to determine whether venue in this District is proper and reserves the right to move to transfer the action.

## PARTIES

6.      DIRECTV lacks sufficient information to confirm or deny the allegations contained in Paragraph 6, and on that basis denies these allegations.

7.      DIRECTV admits the allegations in Paragraph 7.

8.      DIRECTV lacks sufficient information to confirm or deny the allegations contained in Paragraph 8, and on that basis denies these allegations.

## FACTUAL ALLEGATIONS

9.      DIRECTV denies the allegations in Paragraph 9.

10.      DIRECTV lacks sufficient information to confirm or deny the allegations contained in Paragraph 10, and on that basis denies these allegations.

11.      DIRECTV admits that Plaintiff appears to have registered for an extended fraud alert with the credit bureaus, and admits that it received notice of that fraud alert in relation to a recently opened account.  To the extent that the allegations in Paragraph 11 claim that DIRECTV took an order for services in Plaintiff's name, or opened an account in Plaintiff's name,

DIRECTV denies those allegations.  DIRECTV denies any remaining allegations in Paragraph 11.

12.     DIRECTV admits that on January 5, 2010 a call was made by DIRECTV's vendor iQor (and/or its subsidiaries) to Plaintiff in connection with her fraud alert, and that such call was placed to the telephone number she provided for the purposes of receiving fraud alert notices.  DIRECTV lacks sufficient information at present to confirm or deny the allegations that the call went to Plaintiff's cell phone, and on that basis denies that allegation.  DIRECTV denies any remaining allegations in Paragraph 12.

13.     DIRECTV admits the allegations in Paragraph 13.

14.     DIRECTV admits that fraud alert calls are designed to begin with a prerecorded message.  But to the extent that Plaintiff alleges in Paragraph 14 that no human being was standing by to speak with Plaintiff, DIRECTV denies such allegations.

15.     DIRECTV admits that fraud alert calls are designed to state that a DIRECTV account has been opened and that provides the account number.  Any remaining allegations in Paragraph 15 are denied.

16.     DIRECTV admits that fraud alert calls are designed to state that if the account was not authorized by the fraud alert recipient, the call recipient can press "0" as one option for contacting a representative.  To the extent that Plaintiff alleges that the entire contents of the message are contained in Paragraph 16, and that no other contact options are provided, DIRECTV denies that allegation.

17.     DIRECTV lacks sufficient information to confirm or deny the allegations in Paragraph 17, and on that basis denies these allegations.

18.     DIRECTV lacks sufficient information to confirm or deny the allegations in Paragraph 18, and on that basis denies these allegations.

19.     DIRECTV lacks sufficient information to confirm or deny the allegations in Paragraph 19, and on that basis denies these allegations.

20.     DIRECTV lacks sufficient information to confirm or deny the allegations in Paragraph 20, and on that basis denies these allegations.

21.     DIRECTV denies the allegations in Paragraph 21 insofar as Plaintiff provided her cell phone number in connection with establishing a fraud alert.  DIRECTV also denies that it used Plaintiff's credit report, a skip trace company, or some other sort of directory to obtain Plaintiff's cell phone number.

22.     Paragraph 22 contains a legal conclusion, not factual allegations, to which no response is required.  To the extent that a response is required, DIRECTV denies the allegations in Paragraph 22.

23.     Paragraph 23 contains a legal conclusion, not factual allegations, to which no response is required.  To the extent that a response is required, DIRECTV denies the allegations in Paragraph 23.

24.     Paragraph 24 contains a legal conclusion, not factual allegations, to which no response is required.  To the extent that a response is required, DIRECTV denies the allegations in Paragraph 24.

25.     DIRECTV denies the allegations in Paragraph 25, which misstate its policies.

26.     Paragraph 26 contains a legal conclusion, not factual allegations, to which no response is required.  To the extent that a response is required, DIRECTV denies the allegations in Paragraph 26.

## COUNT I – TCPA – STRICT LIABILITY

27.     DIRECTV incorporates its responses to all previous paragraphs.

28.     Paragraph 28 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 28.  DIRECTV further denies that class certification is proper.

## CLASS ALLEGATIONS

29.     While DIRECTV does not dispute that Plaintiff has asserted putative classwide claims in Paragraph 29, DIRECTV denies that Plaintiff's claims are proper for classwide treatment.

30.     Paragraph 30 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 30.  DIRECTV further denies that class certification is proper.

31.     Paragraph 31 does not contain any factual allegations made by Plaintiff, but rather asserts that "upon information and belief" certain events occurred.  DIRECTV is not required to respond to such allegations made without factual knowledge.  Moreover, there is no definition described in Paragraph 22, as alleged in this Paragraph.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 31.  DIRECTV further denies that class certification is proper.

32.     Paragraph 32 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 32.  DIRECTV further denies that class certification is proper.

33.     Paragraph 33 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 33.  DIRECTV further denies that class certification is proper.

34.     Paragraph 34 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 34.  DIRECTV further denies that class certification is proper.

35.     Paragraph 35 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 35.  DIRECTV further denies that class certification is proper.

36.     Paragraph 36 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 36.  DIRECTV further denies that class certification is proper.

37.     DIRECTV denies Plaintiff's allegation that her proposed class can be identified through DIRECTV's records.  The remainder of Paragraph 37 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 37.  DIRECTV further denies that class certification is proper.

38.     Paragraph 38 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 38.  DIRECTV further denies that class certification is proper.

Furthermore, DIRECTV denies that Plaintiff is entitled to judgment in her favor on any of her claims, and denies that she is entitled to any of the relief she requests.

### COUNT II – TCPA -- WILLFUL

39.     DIRECTV incorporates its responses to all previous paragraphs.

40.     Paragraph 40 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 40.  DIRECTV further denies that class certification is proper.

41.     Paragraph 41 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 41.  DIRECTV further denies that class certification is proper.

Furthermore, DIRECTV denies that Plaintiff is entitled to judgment in her favor on any of her claims, and denies that she is entitled to any of the relief she requests.

## COUNT III – TCPA – INJUNCTIVE RELIEF

42.     DIRECTV incorporates its responses to all previous paragraphs.

43.     Paragraph 43 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 44.

45.     DIRECTV denies the factual allegations in Paragraph 45.  The remainder of Paragraph 45 contains legal conclusions, not factual allegations, to which no response is required.

46.     DIRECTV denies the factual allegations in Paragraph 46.  The remainder of Paragraph 46 contains legal conclusions, not factual allegations, to which no response is required.

47.     Paragraph 47 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 47.

48.     Paragraph 48 describes the relief Plaintiff is seeking, and thus requires no response from DIRECTV.

49.     Paragraph 49 is a nonsensical and grammatically incomplete sentence. DIRECTV cannot understand the purpose of intent of this Paragraph, and thus denies any allegations in Paragraph 49.

50.     Paragraph 50 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 50.

Furthermore, DIRECTV denies that Plaintiff is entitled to judgment in her favor on any of her claims, and denies that she is entitled to any of the relief she requests.

### COUNT IV -- TILA

51.     As the TILA count was dismissed, no response to Paragraph 51 is necessary.

52.     As the TILA count was dismissed, no response to Paragraph 52 is necessary.

53.     As the TILA count was dismissed, no response to Paragraph 53 is necessary.

54.     As the TILA count was dismissed, no response to Paragraph 54 is necessary.

55.     As the TILA count was dismissed, no response to Paragraph 55 is necessary.

56.     As the TILA count was dismissed, no response to Paragraph 56 is necessary.

57.     As the TILA count was dismissed, no response to Paragraph 57 is necessary.

58.     As the TILA count was dismissed, no response to Paragraph 58 is necessary.

59.     As the TILA count was dismissed, no response to Paragraph 59 is necessary.

### COUNT V – FAIR CREDIT REPORTING ACT

60.     DIRECTV incorporates its responses to all previous paragraphs.

61.     DIRECTV denies the factual allegations in Paragraph 61.  Paragraph 61 also contains legal conclusions, not factual allegations, to which no response is required.  To the extent that a response is required, DIRECTV denies those allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions, not factual allegations, to which no response is required.  To the extent that a response is required, DIRECTV denies the allegations in Paragraph 62.

63.     DIRECTV denies the factual allegations in Paragraph 63.  Paragraph 63 also contains legal conclusions, not factual allegations, to which no response is required.  To the extent that a response is required, DIRECTV denies those allegations in Paragraph 63.

## CLASS ALLEGATIONS

64.     While DIRECTV does not dispute that Plaintiff has asserted putative classwide claims in Paragraph 64, DIRECTV denies that Plaintiff's claims are proper for classwide treatment.

65.     Paragraph 65 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 65.  DIRECTV further denies that class certification is proper.

66.     Paragraph 66 does not contain any factual allegations made by Plaintiff, but rather asserts that "upon information and belief" certain events occurred.  DIRECTV is not required to respond to such allegations made without factual knowledge.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 66.  DIRECTV further denies that class certification is proper.

67.     Paragraph 67 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 67.  DIRECTV further denies that class certification is proper.

68.     Paragraph 68 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 68.  DIRECTV further denies that class certification is proper.

69.     Paragraph 69 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 69.  DIRECTV further denies that class certification is proper.

70.     Paragraph 70 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 67.  DIRECTV further denies that class certification is proper.

71.     Paragraph 71 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 68.  DIRECTV further denies that class certification is proper.

72.     DIRECTV denies Plaintiff's allegation that her proposed class can be identified through DIRECTV's records.  The remainder of Paragraph 72 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 72.  DIRECTV further denies that class certification is proper.

73.     Paragraph 73 contains legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, DIRECTV denies the allegations in Paragraph 73.  DIRECTV further denies that class certification is proper.

Furthermore, DIRECTV denies that Plaintiff is entitled to judgment in her favor on any of her claims, and denies that she is entitled to any of the relief she requests.

## DIRECTV'S AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

By setting forth these affirmative defenses, DIRECTV does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended to be construed as an acknowledgement

that any particular issue or subject matter is relevant to Plaintiff's allegations.  Nor shall anything stated or unstated constitute an admission of any kind.

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The AC fails to state sufficient facts to constitute a cause of action against DIRECTV.

## SECOND AFFIRMATIVE DEFENSE

### (Compliance With Applicable Law)

Plaintiff's claims are barred because DIRECTV's conduct is not unlawful in that DIRECTV complies with applicable statutes and regulations.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's claims are barred because Plaintiff and/or putative class members consented to and/or gave permission for any fraud alert notification calls.

## FOURTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

Plaintiff's claims are barred because Plaintiff and/or putative class members have established business relationships with DIRECTV and/or others.

## FIFTH AFFIRMATIVE DEFENSE

### (Injury Caused By Third Parties)

Plaintiff's claims against DIRECTV are barred because any harm allegedly suffered by Plaintiff was caused and/or contributed to by third parties over whom DIRECTV has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs.

## SIXTH AFFIRMATIVE DEFENSE

### (Not Willful and/or Knowing)

Plaintiff's claims are barred because DIRECTV did not engage in willful and/or knowing misconduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to assert the claims alleged in the AC.

## EIGHTH AFFIRMATIVE DEFENSE

### (Class Certification Improper)

Class certification of this suit is improper, and thus class certification should be denied and all references to a class action stricken from Plaintiff's AC.

## NINTH AFFIRMATIVE DEFENSE

### (Unique Affirmative Defenses)

DIRECTV has unique affirmative defenses applicable to different putative members of Plaintiff's proposed class.  DIRECTV reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred in part or in whole by the statute of limitations applicable to her action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's claims are moot.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred in part or in whole by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's claims are barred in part or in whole by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred in part or in whole by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Reservation of Other Affirmative Defenses)

DIRECTV lacks sufficient information of all the facts and evidence surrounding the subject incident and is therefore unable to ascertain at this time any additional affirmative defenses which DIRECTV may have.  Therefore, DIRECTV expressly reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

## DIRECTV'S PRAYER FOR RELIEF

WHEREFORE, DIRECTV respectfully requests that this Court:

1.      Dismiss Plaintiff's AC with prejudice as to DIRECTV;

2.      Order that Plaintiff take nothing by reason of her AC, that Plaintiff is entitled to no relief, and that judgment be rendered in favor of DIRECTV;

3.      Award DIRECTV its costs and expenses incurred in connection with this action; and

4.      Grant DIRECTV such other relief as the Court deems proper.

Dated:  April 28, 2010                    Respectfully submitted,

                                          /s/ Becca Wahlquist
                                          _____

                                          Becca Wahlquist (*admitted pro hac vice*)
                                          bwahlquist@manatt.com
                                          MANATT, PHELPS & PHILLIPS, LLP
                                          11355 W. Olympic Blvd.
                                          Los Angeles, CA  90064
                                          Telephone:  (310) 312-4384

                                          Amy E. Crawford, ARDC No. 6282700
                                          amy.crawford@kirkland.com
                                          KIRKLAND & ELLIS LLP
                                          300 North LaSalle
                                          Chicago, IL  60654
                                          Telephone: (312) 862-2000

                                          *Attorneys for DIRECTV, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing DIRECTV'S

ANSWER TO PLAINTIFF'S AMENDED COMPLAINT was filed electronically on this 28th

day of April 2010, and will, therefore, be served electronically upon:

> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> Tel: (312) 729-5288
> ABurke@BurkeLawLLC.com
> *Counsel for Plaintiff*
>
> Peter E. Peterson
> Hinshaw & Culbertson LLP
> 222 N. LaSalle Street
> Suite 300
> Chicago, Illinois  60601
> Tel:  (312) 704-3000
> *Counsel for Defendant iQor*

/s/ Becca Wahlquist
Becca Wahlquist

15