**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIANNA GREENE, on behalf of herself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.: 10-cv-117** |
| **v.** | ) ) | |
| **DIRECTV, INC. and IQOR, INC.,** | ) ) | **Judge Charles P. Kocoras** |
| **Defendant.** | ) ) | |

**DEFENDANT IQOR, INC.'S ANSWER TO AMENDED COMPLAINT**

Defendant, IQOR US, INC. ("IQOR") (incorrectly sued as IQOR, INC.), which is not a proper party to this action, states as follows for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint:

**CLASS ACTION**

1.      Plaintiff Brianna Greene brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq, including implementing regulations and applicable FCC orders ("TCPA"), the Truth in Lending Act, 15 U.S.C. §1640 and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

**ANSWER:**      IQOR admits that plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. The claim under TILA has been dismissed. IQOR denies that it violated any laws, including the TCPA, and denies all remaining allegations in ¶ 1.

2.      Defendant opened DirecTV television account on credit associated with plaintiff, even though it had been informed by one or more credit bureaus that plaintiff's credit file had a fraud alert on it. Plaintiff did not request that the account be opened.

**ANSWER:**      IQOR denies the allegations in the first sentence of ¶ 2. IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of ¶ 2.

3.      Further, DirecTV used an autodialer and prerecorded voice message to call plaintiffs cell phone three days *after it opened the account* to ask whether or not the fraud alert was correct. Upon information and belief, based upon discovery talks with DirecTV, defendant Igor, Inc. is a vendor hired by DirecTV to make some or all of the illegal calls.

**ANSWER:**      IQOR denies the allegations contained in ¶ 3.


## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over the TCPA, TILA and FCRA claims under 28 U.S.C. §§1331 & 1337.

**ANSWER:**      IQOR admits that the Court has jurisdiction of this action under 28 U.S.C. §§ 1331. IQOR denies the remaining allegations in ¶ 4.


5.      Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER:**      IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 5.


## PARTIES

6.      Plaintiff is an individual who resides in this District.

**ANSWER:**      IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 6.


7.      DirecTV Inc. is a California company that does business in this District.

**ANSWER:**      IQOR admits the allegations in ¶ 7.


8.      Iqor, Inc. is a New York corporation that has offices both in the United States and overseas. It specializes in high-tech communications, including telephone calls that are dialed by

a system whereby no human being dials the telephone numbers, and prerecorded and artificial voice messages. Iqor does business in this District; it places telephone calls to consumers here.

**ANSWER:**   IQOR admits that it is a corporation organized under the laws of the State of Delaware and that it provides business outsourcing services. IQOR denies the remaining allegations in ¶ 8.

## FACTS

9.      DirecTV opened a satellite television account associated with plaintiff on January 2, 2010. Upon information and belief, DirecTV accessed plaintiff's credit report in connection with the application.

**ANSWER:**   IQOR denies the allegations contained in the first sentence of ¶ 9. IQOR lacks information or knowledge sufficient to admit or deny the allegations contained in the second sentence of ¶ 9.

10.      Plaintiff did not know about this account, and had not ordered any services from defendant.

**ANSWER:**   IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 10.

11.      Plaintiff had a fraud alert on her credit report at the time, pursuant to 15 U.S.C. §1681c-1. Upon information and belief, based upon the duties of consumer reporting agencies, DirecTV received notice of the fraud alert, but opened the satellite television account without additional investigation.

**ANSWER:**   IQOR admits, on information and belief, that plaintiff filed a request for an extended fraud alert with the credit reporting agencies, and that DIRECTV received notice of the fraud alert in connection with a request for a DIRECTV account.. IQOR denies the remaining allegations in ¶ 11.

6562459v2  910953  61225

12.     On January 5, 2010, DirecTV, or someone on behalf of DirecTV, called plaintiff. The call was made to plaintiffs cell phone. Upon information and belief, Iqor placed this call at the direction of, and with authorization from, DirecTV.

**ANSWER:**     On information and belief, IQOR admits the allegations contained in the first sentence of ¶ 12. IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of ¶ 12. IQOR denies the remaining allegations in ¶ 12.

13.     The call was dialed by an automatic telephone dialing system. That is to say, no human being physically dialed the digits for plaintiff's telephone number; this was done by the system.

**ANSWER:**     IQOR admits that the fraud alert call made to plaintiff on January 5, 2010 was made using a telephone dialing system that can dial telephone numbers from a list and that a human being did not manually dial the number. IQOR denies the remaining allegations contained in ¶ 13.

14.     Furthermore, no human being was present on DirecTV/Iqor's side of the call. Instead, its system was programmed to play a prerecorded message.

**ANSWER:**     IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 14.

15.     The prerecorded message stated that DirecTV had recently opened an account that was associated with plaintiff. The prerecorded message then stated an account number.

**ANSWER:**     IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 15.

16.     The prerecorded message then stated that if the opening of the account was not authorized, plaintiff should push the button "0" on her telephone to be connected to an operator.

**ANSWER:**     IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 16.


17.     Plaintiff listened to the message, and then pressed the digit "0" on her cell phone several times, but was not connected with a human being.

**ANSWER:**     IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 17.


18.     Plaintiff hung up and called the number that appeared on her cell phone's caller ID, 800-880-8284. Plaintiff was eventually connected to a DirecTV representative.

**ANSWER:**     IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 18.


19.     The representative told plaintiff that DirecTV had opened an account that was associated with plaintiff on January 2, 2010.

**ANSWER:**     IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 19.


20.     The operator also told plaintiff that it had received a fraud alert from one or more credit bureaus. The operator told plaintiff that DirecTV would send her a form that she is required to fill out in order for her to complete her "cancellation" of the fraudulent account.

**ANSWER:**     IQOR lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 20.


21.     Plaintiff did not provide her cell phone number to DirecTV in association with the alleged account described herein. Upon information and belief, DirecTV or the company that called on its behalf used plaintiff's credit report, a skip trace company or some other sort of directory to obtain plaintiff's cell phone number. In any event, DirecTV received plaintiff's cell phone number from some person other than plaintiff.

6562459v2  910953  61225

**ANSWER:**   IQOR denies the allegations contained in the first sentence of ¶ 21. IQOR admits, based on information and belief, that plaintiff filed with one or more credit reporting agencies a fraud alert request in which she requested potential creditors to make fraud alert calls to the phone number she provided before such potential creditors opened an account with her personal information. IQOR denies the remaining allegations in ¶ 21.

22.    It is an unfair practice for DirecTV to open accounts upon demand, particularly those where its credit check reveal a fraud alert, and then place the burden of closing the account on victims of fraud.

**ANSWER:**   IQOR denies the allegations contained in ¶ 22.

23.    It is further unfair for DirecTV to make unmanned fraud "confirmation" calls to potential victims using an automatic messaging service that does not work properly and forces the consumer to either call DirecTV on that person's own "dime" or face charges for service that was never ordered.

**ANSWER:**   IQOR denies the allegations contained in ¶ 23.

24.    Using a method of contacting consumers with fraud alerts on their credit reports that is proscribed by federal law is not "reasonable" within the meaning of the FCRA 15 U.S.C. §1681c-1(h).

**ANSWER:**   IQOR denies the allegations contained in ¶ 24.

25.    Upon information and belief, new DirecTV customers have a 15 day "grace period" after having activated their service within which they may cancel with no penalty other than to pay for the service they actually received.

**ANSWER:**   IQOR denies the allegations contained in ¶ 25.

26.    In requiring victims of fraud to fill out an affidavit relating to their situation, DirecTV's procedures place a higher burden of proof and inconvenience upon fraud victims than

ordinary customers who wish to cancel a new account. This is not fair to the victims and further evinces failure to have reasonable procedures pursuant to section 1681c-1(h).

**ANSWER:**    IQOR denies the allegations contained in ¶ 26.

## Count I - TCPA - Strict Liability

27.    Plaintiff incorporates all previous paragraphs. This claim is against DirecTV and Iquor [*sic*].

**ANSWER:**    IQOR restates its responses to the foregoing paragraphs.

28.    Defendant violated the TCPA by calling plaintiff and others on their cell phones using an automatic telephone dialing system and/or prerecorded or automatic voice messages.

**ANSWER:**    IQOR denies the allegations contained in ¶ 28.

## Class Allegations

29.    Plaintiff brings Counts I, II and III on behalf of the same class, which consists of:

> All natural persons (a) with Illinois, Wisconsin or Indiana cell phone area codes, (b) which cell phone number defendant or a person on behalf of defendant called (c) using an automatic telephone dialing system and/or an artificial or prerecorded voice, (d) where the cell phone number had not been provided to DirecTV by the person called, (e) where the call was made at any time up to January 8, 2010, and back to and including January 8, 2006.

**ANSWER:**    IQOR admits that plaintiff seeks to bring her TCPA claim on behalf of the class defined in ¶ 29. IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

30.    The class is so numerous that individual joinder would be impracticable.

**ANSWER:**    IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

31.     Upon information and belief, defendant or some person on its behalf made more than 100 telephone calls that fall within the definition described in paragraph 22.

**ANSWER:**     IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph. Further, ¶ 22 does not contain a class definition.

32.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

      a.     Whether defendant or someone on its behalf used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones;

      b.     Whether such practices violate the TCPA; and

      c.     Damages.

**ANSWER:**     IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

33.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:**     IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

34.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

6562459v2  910953  61225

**ANSWER:**   IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

35.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:**   IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

36.     Defendant have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:**   IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

37.     The identity of the class is likely readily identifiable from defendant's records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:**   IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:**   IQOR denies that the TCPA claim can be certified as a class action. IQOR denies the remaining allegations in this paragraph.

6562459v2  910953  61225

## COUNT II - TCPA - Willful

39.     Plaintiff incorporates all previous paragraphs of this complaint. This claim is against DirecTV and Iquor [*sic*].

**ANSWER:**     IQOR restates its responses to the foregoing paragraphs.

40.     The violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above when used in connection with collection of a consumer debt were willful.

**ANSWER:**     IQOR denies the allegations in ¶ 40. Further, plaintiff does not allege that

any call was made in connection with the collection of a consumer debt.

41.     Plaintiff brings this Count on behalf of the same class and subclass as is identified in Count I. The difference is that this Count alleges that the violations were "willful" within the meaning of the TCPA, and thus justify enhanced damages of three times the statutory amount of $500, for $1,500 per violation.

     a.     $1,500 per violation, plus costs of suit;

     b.     Any other relief the court deems proper.

**ANSWER:**     IQOR admits that plaintiff seeks to bring her TCPA claim on behalf of the

class defined in ¶ 29. IQOR denies that a class exists and denies that a class can be certified

under Federal Rule 23. IQOR denies all remaining allegations in ¶ 41.

## Count III — TCPA — Injunctive Relief

42.     Plaintiff incorporates all previous paragraphs of this complaint. This claim is against DirecTV and Iquor [*sic*].

**ANSWER:**     IQOR restates its responses to the foregoing paragraphs.

43.     The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

**ANSWER:**     IQOR denies the allegations in ¶ 43.

6562459v2  910953  61225

44.     The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

**ANSWER:**   IQOR admits that § 227(b)(3) states that a person "may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." IQOR denies the remaining allegations in ¶ 44.

45.     Defendants have had a pattern and practice of making telephone calls in violation of 47 U.S.C. §227(b), including at least one call to plaintiff.

**ANSWER:**   IQOR denies the allegations in ¶ 45.

46.     Upon information and belief, defendant continues to call cell phones in violation of section 227(b), without regard to the TCPA.

**ANSWER:**   IQOR denies the allegations in ¶ 46.

47.     The defendants are likely to continue to violate the TCPA without an order enjoining it from doing so.

**ANSWER:**   IQOR denies the allegations in ¶ 47.

48.     Plaintiff brings Count Ill on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief. Plaintiff requests that the Court permanently enjoin defendant from making calls to cell phones using its dialer, and enjoin defendant from making calls to cell phones using an artificial or prerecorded voice messages, unless it can demonstrate the prior express consent of the called party to receive such calls.

**ANSWER:**   IQOR admits that plaintiff seeks to bring her TCPA claim in Count III on behalf of a class. IQOR denies that a class exists and denies that a class can be certified under Federal Rule 23. IQOR denies all remaining allegations in ¶ 48.

6562459v2  910953  61225

49. Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to defendants' calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

**ANSWER:** IQOR denies the allegations in ¶ 49.

50. The class definition is identical and overlapping with the TCPA class in Count I.

**ANSWER:** IQOR admits that plaintiff seeks to bring her TCPA claim in Count III on behalf of a class. IQOR denies that a class exists and denies that a class can be certified under Federal Rule 23. IQOR denies all remaining allegations in ¶ 50.

## COUNT IV – TILA

IQOR makes no response to the allegations in Count IV because Judge Kocoras dismissed Count IV and because Count IV is not directed against IQOR.

51. Plaintiff incorporates paragraphs 1-23. This claim is against DirecTV, only.

**ANSWER:**

52. Plaintiff did not request that the DirecTV account be opened.

**ANSWER:**

53. Upon information and belief, the account that was opened included at least a satellite "dish", a television-top "box" and a remote control.

**ANSWER:**

54. Upon information and belief, the account that was opened also included access to both free and pay-per view "on demand" content.

**ANSWER:**

6562459v2 910953 61225

55.     The TILA, 15 U.S.C. § 1642 prohibits the issuance of "credit cards" that have not been requested by the consumer. The statute reads:

> **No credit card shall be issued except in response to a request or application therefor. This prohibition does not apply to the issuance of a credit card in renewal of, or in substitution for, an accepted credit card**

**ANSWER:**


56.     The TILA defines "credit card" in 15 U.S.0 §1602(f):

> **The term "credit card" means any card, plate, coupon book or other credit device existing for the purpose of obtaining money, property, labor, or services on credit.**

**ANSWER:**


57.     The account associated with plaintiff that DirecTV opened was a "credit" account because customers enjoy DirecTV content, products and services, including pay-per-view and on-demand items, and defer payment until the end of a billing cycle. See 15 U.S.C. § 1601(e).

**ANSWER:**


58.     Based upon inconsistent application data and/or the fraud alert it received from one or more credit bureaus, DirecTV should have known that the account was being opened either fraudulently, or was being associated with the wrong person. At the very least, DirecTV should have waited to open the account until it had verified that plaintiff had requested that the account be opened.

**ANSWER:**


59.     Plaintiff has been damaged as a result of defendant's TILA violation.

**ANSWER:**

6562459v2  910953  61225

## COUNT V – Fair Credit Reporting Act

IQOR makes no response to the allegations in Count V because Count V is not directed against IQOR.

60.     Plaintiff all paragraphs of this complaint herein. This claim is against DirecTV, only, although Iqor likely has relevant information and discovery concerning these claims.

**ANSWER:**

61.     Upon information and belief, based upon their legal duty to do so, one or more consumer reporting agencies notified defendant that the address in the request for the consumer report was different from the address linked to plaintiff's social security number. See 15 U.S.C. §§ 1681c-1 (requiring bureaus to notify potential creditors of fraud alerts) 1681c(h) (requiring credit bureaus to provide notice of address discrepancies to potential creditors); 1681a(q)(2)(B) (requiring such notice to be "clear and conspicuous).

**ANSWER:**

62.     Defendant DirecTV recklessly violated 15 U.S.C. §1681c-1(h) by not utilizing reasonable policies and procedures, and/or not following the policies and procedures it had in place, in order to form a reasonable belief that the it knew the identity of the person making the request for credit before it established the requested account.

**ANSWER:**

63.     Plaintiff was damaged, and such damage was proximately caused by these violations.

**ANSWER:**

## Class Allegations

64.     Plaintiff brings Count V on behalf of a class, which consists of:

All natural persons:

a.       with Illinois, Wisconsin or Indiana cell phone area codes;

b.       which cell phone number defendant or a person on behalf of defendant called;

14

c. using an automatic telephone dialing system and artificial or prerecorded voice;

d. where the cell phone number had not been provided to DirecTV by the person called;

e. where the telephone call was part of DirecTV's efforts to comply with its duty to confirm the identity of a consumer whose credit report contained an initial or extended fraud alert pursuant to 15 U.S.C. §1681c-1;

f. where the called party answered, and the prerecorded voice message script indicated that the recipient should take action, such as dial a button on their telephone, in order to speak with a representative;

g. and the call ended after the button was dialed, but before a representative answered the call;

h. where the call was made at any time within two years of the filing of this amended complaint.

**ANSWER:**

65. The class is so numerous that individual joinder would be impracticable.

**ANSWER:**

66. Upon information and belief, defendant or some person on its behalf made more than 100 telephone calls that fall within the definition.

**ANSWER:**

67. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

a. Whether using a prerecorded voice message to that instructs the victim to take action to speak with an operator, but no operator is available is "reasonable" under 15 U.S.C. §1681c-1(h);

b. Whether defendant was willful or reckless, and whether such practices violate the FCRA; and

c. Damages.

6562459v2 910953 61225

**ANSWER:**

68.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:**

69.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:**

70.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:**

71.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:**

72.     The identity of the class is likely readily identifiable from defendant's records.

**ANSWER:**

16

73.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:**

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

1.     If plaintiff received the fraud alert call on her cell phone, the fraud alert call was made with plaintiff's consent and at her express direction.

2.     Plaintiff consented to receive prerecorded message calls and auto-dialed calls on her cell phone by directing potential creditors to call her cell phone when making fraud alert calls.

3.     Any fraud alert call made to plaintiff's cell phone would comply with the TCPA even if the call was made using an automatic telephone dialing system or prerecorded message. 47 U.S.C. § 227(b)(1); Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

4.     IQOR raises this affirmative defense in the alternative to its argument that lack of consent is an element of a TCPA claim.

## THIRD AFFIRMATIVE DEFENSE

1.     The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA provides for the trebling damages if the violation was willful.

6562459v2  910953  61225

2.      If for the sake of argument a TCPA class were certified and the class contained several thousand people, liability to the class could potentially be so great as to result in defendant's insolvency.

3.      The due process clause of the Fifth Amendment to the U.S. Constitution prohibits an award of damages that would result in IQOR's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the plaintiff or class members.


## FOURTH AFFIRMATIVE DEFENSE

1.      Plaintiff lacks constitutional standing to assert a TCPA claim because she consented to be contacted at the number she contends is assigned to her cell phone.


## FIFTH AFFIRMATIVE DEFENSE

1.      Plaintiff's claims are barred by the statute of limitations.


## SIXTH AFFIRMATIVE DEFENSE

1.      Plaintiff's claims are moot.


## SEVENTH AFFIRMATIVE DEFENSE

1.      Plaintiff's claims are barred based on the doctrine of waiver.


## EIGHTH AFFIRMATIVE DEFENSE

1.      Plaintiff's claims are barred based on the doctrine of estoppel.

6562459v2  910953  61225

## NINTH AFFIRMATIVE DEFENSE

1.      IQOR has not made, or caused to be made, any phone calls to plaintiff.  It is not a proper defendant.


WHEREFORE, Defendant, IQOR US, INC. respectfully requests that this Honorable Court deny the relief sought in Plaintiff's Complaint, enter judgment in its favor and against plaintiff, deny class certification and dismiss the class claims without prejudice, and award defendants costs of suit.


David M. Schultz                                                   IQOR US, INC.
Peter E. Pederson
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300                    By:/s/ Peter E. Pederson
Chicago, Illinois  60601                                  One of its Attorneys
(312) 704-3000
**Fax:**  (312) 704-3001


## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 5, 2010, I served this document by filing it with the Court's CM/ECF system, which will make copies of the documents available to all counsel of record.

/s/ Peter E. Pederson

## Service List


Alexander H. Burke, Esq. aburke@burkelawllc.com
Amy E. Crawford, Esq. amy.crawford@kirkland.com
Becca Wahlquist, Esq.  bwahlquist@manatt.com

6562459v2  910953  61225