IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE on behalf of herself and others similarly situated,     Plaintiff, <br><br> v. <br><br> DIRECTV, INC., and IQOR, INC.     Defendants. | ) <br> )    1:10-cv-117 <br> ) <br> )    Judge Kocoras <br> ) <br> )    Magistrate Judge Cox <br> ) <br> )    JURY DEMANDED <br> ) <br> ) |

**PLAINTIFF'S FED.R.CIV.P. 56(f) MOTION FOR
ADDITIONAL DISCOVERY AND CONTINUANCE**

Plaintiff respectfully requests that, pursuant Fed.R.Civ.P. 56(f), and the attached affidavit of Alexander H. Burke, this Court permit plaintiff to take additional discovery necessary to properly respond to DirecTV's motion for summary judgment, and permit plaintiff additional time to file her brief in opposition to summary judgment so that she may obtain such discovery.

In support of this motion, plaintiff states:

1.      The Fair Credit Reporting Act requires companies that receive a "fraud alert" when accessing the credit report of a consumer take measures to ensure that no account is opened as a result of a fraudulently submitted application.

2.      DirecTV received six "extended fraud alerts" when it received applications or partial applications for satellite television services from a person named "Larquette Green," who used plaintiff's social security number when applying in December 2009.

3.      Instead of calling plaintiff or otherwise investigating the fraud alerts, DirecTV opened a satellite television account and installed television services in Larquette Green's Milwaukee home. In spite of the fraud alerts. It was not until several days after installation that DirecTV bothered to call

1

plaintiff to check into the fraud alerts, the last of which it had received a week earlier. When DirecTV did call plaintiff, it used an automatic telephone dialing system and prerecorded message, rather than a human being, to make the call, in violation of the Telephone Consumer Protection Act.

4. The Court limited discovery in May 2010, and denied plaintiff's July 27, 2010, motion to compel, which DirecTV opposed with the understanding that the materials plaintiff sought in discovery would be irrelevant to the summary judgment motion.

5. DirecTV has now moved for summary judgment, and some of the arguments and evidence it has submitted would have been very difficult for plaintiff to anticipate in discovery. For example, ***contrary to its own records***, DirecTV argues that it is undisputed that DirecTV never received an extended fraud alert. Similarly, DirecTV argues that previously undisclosed policies, practices and procedures regarding fraud alerts mandate summary judgment in its favor.

6. Plaintiff respectfully request that, pursuant to Fed.R.Civ.P. 56(f), this Court grant her leave to take the deposition of Ron J. Moore and the third party deposition of Equifax Information Services, Inc., as identified below, and in the Declaration of Alexander H. Burke, Appendix A:

7. Extended Fraud Alert: Section B.1 of DirecTV's motion for summary judgment argues that it had no duty to call plaintiff pursuant to the FCRA's "extended fraud alert" provisions because there was never any extended fraud alert. However, plaintiff's testimony, Equifax's records and even *DirecTV's own records* show that DirecTV received several extended fraud alerts from Equifax with regard to plaintiff and Larquette Green.

8. Plaintiff seeks leave to take the deposition of DirecTV employee Ron J. Moore, whose declaration DirecTV submitted in support of this proposition, along with the third party deposition of Equifax Information Systems, Inc. to confirm that the fraud alert sent to DirecTV, and that DirecTV received was an "extended fraud alert."

9. <u>Previously Undisclosed Policies, Practices or Procedures</u>: Also in Section B.1 of DirecTV's brief, it argues that it took "reasonable steps to verify the consumer's identity," and argues that it "verified" Larquette's identity through contacting credit bureau Equifax during the telephone application.

10. However, this verification system has not previously been disclosed. Plaintiff issued an interrogatory asking for DirecTV to "Identify all policies, practices and procedures that you have ever considered or implemented with regard to compliance with the FCRA, 15 U.S.c. §1681c-l, as it pertains to account applications where there is a fraud alerts and extended fraud alert." DirecTV's response indicates that the only policies, practices and procedures it had with respect to fraud alerts were to use an autodialer and prerecorded message to call the telephone number in the fraud alert.

11. Plaintiff thus seeks leave to take the deposition of Ron J. Moore, whose declaration is submitted in support of this proposition in DirecTV's UMF ¶27-28, in order to learn about these previously undisclosed procedures, and requests that the Court order DirecTV to produce any documents that support its contention that this policy, procedure or practice exists and was in use during the relevant time period.

12. <u>Willful Conduct</u>: In section B.3, DirecTV argues that summary judgment in its favor is appropriate because its conduct could not have been "willful," because it ostensibly misunderstood the Federal Trade Commission's delay of enforcement of regulations concerning identity theft promulgated pursuant to 15 U.S.C. §1681m(e)(1)(A), to mean that DirecTV did not have to comply with the statutory provisions in the FCRA section 1681c-1. This is a "mistake of law" argument by DirecTV, which argues: "we could not have been reckless because we misinterpreted the FTC's order." Notably, these are the very materials that plaintiff sought in her motion to compel that was denied as overbroad.

13. In order to rebut this argument, plaintiff seeks leave to take discovery regarding the who, what, when, why and where of DirecTV's reliance on the FTC's delayed enforcement of the "red

3

flag rules," and how DirecTV mistook the regulation's enforcement delay for a delay in the requirement that it comply with the statutory section pursuant to which this case was brought, 1681c-1. Because DirecTV has asserted a mistake of law, responsive materials likely include communications between DirecTV and its attorneys. To the extent that such materials relate to DirecTV's claim that its violation was not willful because it relied upon the FTC's delay of enforcement of red flag rules, they are discoverable, and should be produced.

14. Toward that end, plaintiff requests that plaintiff be permitted to take document discovery, including materials that would otherwise be protected by the attorney-client privilege, and take the Fed.R.Civ.P. 30(b)(6) deposition of someone who can competently testify as to these subjects.

15. Federal Rule 56(f) provides:

> **(f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:**
>
> **(1) deny the motion;**
>
> **(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or**
>
> **(3) issue any other just order.**

*Williams v. National R.R. Passenger Corp.*, 161 F.3d 1059 (7th Cir. 1998) (affirming summary judgment for defendant where plaintiff had inadequate discovery but did not file Rule 56(f) motion).

16. Plaintiff thus seeks a continuance for the filing deadline of her brief, and leave to take the deposition of Ron J. Moore to ask questions about this "new" fraud alert verification method, and information DirecTV received from Equifax regarding plaintiff and Larquette.

WHEREFORE, Plaintiff respectfully requests that, pursuant Fed.R.Civ.P. 56(f), and the attached affidavit of Alexander H. Burke, this Court permit plaintiff to take the additional discovery identified above, as reasonably necessary to properly respond to DirecTV's motion for summary judgment, and

permit plaintiff additional time to file her brief in opposition to summary judgment so that she may obtain such discovery.

                                              Respectfully submitted,

                                              /s/Alexander H. Burke

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Appendix A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIANNA GREENE on behalf of herself and others similarly situated,<br>　　Plaintiff,<br><br>　　　v.<br><br>DIRECTV, INC., and<br>IQOR, INC.<br>　　Defendants. | )<br>)　1:10-cv-117<br>)<br>)　Judge Kocoras<br>)<br>)　Magistrate Judge Cox<br>)　JURY DEMANDED<br>)<br>) |

**Fed.R.Civ.P. 56(f) DECLARATION OF ALEXANDER H. BURKE**

I, Alexander H. Burke, under penalty of perjury, hereby declare and state as follows:

1.　I am Alexander H. Burke, counsel for plaintiff in the above-captioned matter. I submit this declaration based upon my personal knowledge, pursuant to Fed.R.Civ.P. 56(f). Plaintiff needs additional deposition testimony to properly respond to DirecTV's motion for summary judgment. The below declaration explains what discovery plaintiff needs and why.

2.　<u>Extended Fraud Alert</u>: Section B.1 of DirecTV's motion for summary judgment argues that it had no duty to call plaintiff pursuant to the FCRA's "extended fraud alert" provisions because there was never any extended fraud alert. DirecTV submits circumstantial evidence, only, for this proposition.

3.　Plaintiff's testimony, Equifax's records and even DirecTV's own records show that DirecTV received several extended fraud alerts from Equifax with regard to plaintiff and Larquette Green.

4.　It is necessary to take the deposition of DirecTV employee Ron J. Moore, whose declaration DirecTV submitted in support of this proposition, along with the third party deposition of

1

Equifax Information Systems, Inc. to confirm that the fraud alert sent to DirecTV, and that DirecTV received was an "extended fraud alert."

5. <u>Previously Undisclosed Policies, Practices or Procedures</u>: Also in Section B.1 of DirecTV's brief, it argues that it took "reasonable steps to verify the consumer's identity," and argues that it "verified" Larquette's identity through contacting credit bureau Equifax during the telephone application. This verification process had not previously been disclosed in discovery.

6. I issued an interrogatory asking for DirecTV to "Identify all policies, practices and procedures that you have ever considered or implemented with regard to compliance with the FCRA, 15 U.S.c. §1681c-1, as it pertains to account applications where there is a fraud alerts and extended fraud alert." DirecTV's discovery responses indicate that the only policies, practices and procedures it had with respect to fraud alerts were to use an autodialer and prerecorded message to call the telephone number in the fraud alert. Plaintiff seeks leave to take the deposition of Ron J. Moore, whose declaration is submitted in support of this proposition in DirecTV's UMF ¶27-28, in order to learn about these previously undisclosed procedures, and requests that the Court order DirecTV to produce any documents that support its contention that this policy, procedure or practice even exists and was in use.

7. <u>Willful Conduct</u>: In section B.3, DirecTV argues that summary judgment in its favor is appropriate because its conduct could not have been "willful," because it ostensibly misunderstood the Federal Trade Commission's delay of enforcement of regulations concerning identity theft promulgated pursuant to 15 U.S.C. §1681m(e)(1)(A), to mean that DirecTV did not have to comply with the statutory provisions in the FCRA section 1681c-1. This is a "mistake of law" argument by DirecTV: "we could not have been reckless because we misinterpreted the FTC's order." Notably, these are the very materials that plaintiff sought in her motion to compel that was denied as overbroad.

8. In order to rebut this argument, it will be necessary to take discovery regarding the who, what, when, why, where and how of DirecTV's supposed reliance on the FTC's delayed enforcement of

the "red flag rules," and how DirecTV mistook the regulation's enforcement delay for a delay in the requirement that it comply with the statutory section pursuant to which this case was brought, 1681c-1.

9.  Because DirecTV has asserted a mistake of law, responsive materials likely include communications between DirecTV and its attorneys. To the extent that these materials relate to DirecTV's claim that its violation was not willful because it relied upon the FTC's delay of enforcement of red flag rules, they are discoverable, and should be produced. In order to properly respond to this new argument, it necessary to take document discovery, including materials that would otherwise be protected by the attorney-client privilege, and take the Fed.R.Civ.P. 30(b)(6) deposition of someone who can competently testify as to these subjects

The forgoing is true and correct to the best of my knowledge.

Executed at Chicago, Illinois
September 21, 2010

Alexander H. Burke